**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

May 11, 2026

**BY ECF**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Edson Brown*, 25 Cr. 241 (JPC)**

Dear Judge Cronan:

The Government submits this letter as its motion *in limine* for the trial in the above-captioned case, which is scheduled to begin on June 8, 2026. The Government asks the Court to admit evidence of the defendant's prior felony conviction as direct evidence and, alternatively, pursuant to Federal Rule of Evidence 404(b). After conferring, the parties expect to agree to a stipulation about the defendant's prior felony conviction that will moot the Government's motion. Nevertheless, the Government writes to advise the Court of the nature of the defendant's prior felony should the parties prove unable to reach an agreement on this stipulation.

*Background*

Between 2023 and 2025, Edson Brown, the defendant, who lived in the Bronx, traveled to North Carolina and South Carolina more than a dozen times to illegally purchase approximately 118 firearms at gun stores, each of which were federal firearms licensees ("FFLs") that he then transported back to New York and sold. The defendant is not a licensed firearms dealer and is a convicted felon. In November 2009, the defendant was convicted in Bronx County Supreme Court of attempted criminal possession of a weapon (loaded firearm) in the second degree, a class C felony, in violation of New York Penal Law sections 110.00 and 265.03(3), and was sentenced to a two-year term of imprisonment.

The defendant's illegal purchases were split between North and South Carolina. The defendant illegally acquired approximately 53 guns in North Carolina that he then transported to New York and sold to others. Between July and December 2023, the defendant made six trips from New York to North Carolina with a straw purchaser, that is, someone who falsely stated to FFLs that the straw purchaser was buying the guns legally and for his or her own use, but in reality was buying the firearms for the defendant and for the purpose of resale in New York.

The defendant also illegally acquired approximately 65 guns in South Carolina that he then transported to New York and sold to others. Between October 2023 and February 2025, the defendant worked with a second straw purchaser in South Carolina to acquire these guns. Sometimes the straw purchaser bought the guns and then transferred them to the defendant. Other times the defendant traveled to South Carolina from New York, impersonated the straw purchaser

by using the straw purchaser's ID to buy the guns, and then transported the guns back to New York himself.

The defendant defaced many of the guns by removing their serial numbers before selling them in New York. Members of the NYPD have recovered seven of the guns the defendant trafficked from North Carolina and South Carolina to New York. Six of those seven guns had obliterated serial numbers that the NYPD firearms lab was able to restore—and thus trace back to the defendant's purchases in North Carolina and South Carolina. The remaining firearms the defendant trafficked have not yet been recovered, or if they have been recovered, members of law enforcement have been unable to trace them because their serial numbers cannot be restored.

The defendant was arrested on February 22, 2025, in South Carolina while working with the South Carolina straw purchaser to acquire more guns to bring to New York. He was charged by complaint in this District (Dkt. 1) and then transferred to New York, where he was indicted in May 2025. (Dkt. 9). In April 2026, the grand jury returned a superseding indictment that is the operative indictment for trial. (Dkt. 34).

*The Charges*

The defendant is charged in an eighteen-count superseding indictment with various offenses related to trafficking firearms.

Count One charges that from July 2023 to February 2025, the defendant conspired to traffic firearms, in violation of 18 U.S.C. § 933(a)(3). This count alleges a two-object conspiracy.

The first object is a conspiracy to violate 18 U.S.C. § 933(a)(1), which relates to the defendant's conspiracy to transfer firearms to others.[1] For this object, at a minimum, the Government intends to prove that the defendant conspired with others to obtain and then distribute firearms to others and that he defaced the serial numbers of the firearms before he sold and/or distributed them, such that the defendant knew or had reasonable cause to believe the recipients of the firearms would be possessing and carrying the firearms in violation of federal and New York laws that prohibit possession of firearms with obliterated or defaced serial numbers.

The second object is a conspiracy to violate 18 U.S.C. § 933(a)(2), which relates to the defendant's conspiracy to receive firearms.[2] For this object, at a minimum, the Government intends to prove that the defendant conspired with others to receive firearms himself (the same firearms he later transferred to others after defacing their serial numbers) and that the defendant

[1] "It shall be unlawful for any person to ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony (as defined in section 932(a))." 18 U.S.C. § 933(a)(1).

[2] "It shall be unlawful for any person to receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony." 18 U.S.C. § 933(a)(2).

knew or had reasonable cause to believe that his receipt of these firearms was a felony under federal and state law because he is a felon.

Count Two charges that from July 2023 to February 2025, the defendant substantively trafficked firearms, in violation of 18 U.S.C. § 933(a)(1). For this count, at a minimum, the Government intends to offer evidence that the defendant transported firearms from North Carolina and South Carolina to New York, obliterated the serial numbers on many of those firearms, sold them to others, and that the NYPD recovered seven of those firearms and restored the serial numbers on six of them.

Count Three charges that from July 2023 to February 2025, the defendant illegally engaged in the business of dealing firearms without being licensed to do so, in violation of 18 U.S.C. § 922(a)(1)(A).[3] For this count, at a minimum, the Government intends to offer evidence that the defendant was not licensed to deal in firearms and did so through a pattern of trafficking guns from North Carolina and South Carolina to New York and then selling them.

Counts Four through Eighteen charge that on fifteen occasions between July 2023 and October 2024, the defendant illegally transported firearms into and received in New York firearms that he acquired out of state, in violation of 18 U.S.C. § 922(a)(3).[4] Each of these counts relates to a separate instance when the defendant brought guns from North Carolina and South Carolina into New York. For these counts, at a minimum, the Government intends to offer evidence that the defendant was a New York resident who transported into and received in New York firearms that originated in North Carolina and South Carolina, states of which he is not a resident.

*The Government's Motion* In Limine

As part of its case-in-chief, the Government intends to offer evidence relating to the defendant's prior felony conviction. This evidence is admissible as direct evidence of the charged offenses and pursuant to Rule 404(b).

Evidence of the conviction is admissible as direct evidence to prove the second object of Count One. Because the defendant has a felony conviction, it was a felony offense for him to receive or possess firearms. *See* 18 U.S.C. § 922(g)(1). The second object of the Count One conspiracy alleges an agreement to receive firearms, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony. Here, one of the goals of the conspiracy was that the defendant would receive firearms from straw purchasers or directly from gun stores when he impersonated straw purchasers. Because the defendant knew, or has reasonable cause to believe,

---

[3] "It shall be unlawful for any person except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms." 18 U.S.C. § 922(a)(1)(A).

[4] "It shall be unlawful for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides (or if the person is a corporation or other business entity, the State where it maintains a place of business) any firearm purchased or otherwise obtained by such person outside that State." 18 U.S.C. § 922(a)(3).

that as a felon it was a felony offense for him to receive these firearms, his prior conviction is direct evidence of the charge.

Evidence of the defendant's prior conviction is also admissible under Rule 404(b) as evidence of the defendant's knowledge and intent. *See United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012) ("This Circuit has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity."). The offenses charged in Counts Three through Eighteen require the Government to prove that the defendant acted knowingly and willfully when dealing firearms without a license (Count Three) and transporting firearms into New York (Counts Four through Eighteen). The requirement to prove the defendant acted knowingly and willfully means the Government must prove the defendant acted intentionally and purposely and with knowledge that his conduct was unlawful. *See Bryan v. United States*, 524 U.S. 184, 191-92 (1998); *United States v. Kukushkin*, 61 F.4th 327, 332 (2d Cir. 2023). To prove the defendant acted knowingly and willfully, among other things, the Government will argue that the defendant knew he was a felon and was prohibited from possessing and transporting firearms and that the jury should therefore conclude that the defendant committed his crimes while aware that he was engaging in illegal conduct.[5]

The parties have conferred about the admissibility of evidence of the defendant's prior conviction and expect that a stipulation can be reached that would inform the jury that the defendant had a prior felony conviction at the time of the charged conduct and was aware of the conviction. If this stipulation cannot be reached, the parties will notify the Court promptly.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/*
Andrew Jones
Joseph H. Rosenberg
Assistant United States Attorneys
(212) 637-2249 / -2326

cc: Mark S. DeMarco, Esq.

[5] The same is true for the Count One conspiracy charge, which will require the Government to prove that the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.