

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

May 18, 2026

**BY ECF**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  **Re: *United States v. Edson Brown*, 25 Cr. 241 (JPC)**

Dear Judge Cronan:

  The above-captioned firearms trafficking case is scheduled for trial on June 8, 2026.  In his proposed *voir dire* questions, defendant Edson Brown requests that the Court (i) "follow the lead of the Western District of Washington" by playing an 11-minute video for the jury about unconscious bias, *see* https://www.wawd.uscourts.gov/jury/unconscious-bias, and (ii) ask prospective jurors questions about unconscious bias, including to "[d]escribe a particularly impactful interaction that you or someone close to you had with a member of another race."  (Dkt. 40 at 2, 6-7).  The Court should deny the defendant's request for *voir dire* on unconscious bias.

  The defendant's proposal is unnecessary.  This District's typical bias-related *voir dire* questions—reflected in the Government's proposed *voir dire* (Dkt. 36)—already clearly and efficiently address the topic of bias.  Combined with traditional preliminary instructions, the Government's proposed *voir dire* questions will make clear that jurors must decide the case fairly and impartially, without allowing bias to enter their considerations.  They will further emphasize the presumption of innocence that applies at all times, unless and until the jury engages in deliberations, carefully considers the evidence, and reaches a unanimous verdict.  These steps— calling attention to (1) the risk of allowing bias to enter considerations and (2) the need for careful deliberation rather than reflexive decision-making—are exactly what is needed to mitigate the danger that unconscious mental "shortcuts" will factor into the jury's verdict.

  Besides being unnecessary, the defendant's proposal runs the risk of enhancing, rather than diminishing, prejudice and confusion.  As at least one court has recognized in denying a defendant's request to show the unconscious bias video, while the court's "existing procedures" for *voir dire* "address the bias concerns raised by the Defendant," the "unconscious bias video bears its own risk of injecting prejudice and confusion into this case."  *United States v. Smith*, No. 23 Cr. 126 (RDB), 2024 WL 3568887, at \*1 (D. Md. July 29, 2024).  Viewed charitably, the unconscious bias video is an incomplete examination of a complicated, evolving area of psychological and sociological research.  In the video, one judge and two attorneys expound upon the topic for approximately eleven minutes with great certainty.  Meanwhile, multiple studies on unconscious bias have shown that unconscious bias training itself may sometimes have the reverse

effect as was intended, resulting in more discrimination, not less.  *See* Harvard Business Review, *Unconscious Bias Training That Works* (Sept.-Oct. 2021), *available at* www.hbr.org/2021/09/unconscious-bias-training-that-works ("In a 2019 meta-analysis of more than 490 studies involving some 80,000 people, the psychologist Patrick Forscher and his colleagues found that UB training did not change biased behavior.  Other studies have revealed that the training can backfire: Sending the message that biases are involuntary and widespread— beyond our control, in other words—can make people feel they're unavoidable and lead to *more* discrimination, not less.").

Perhaps for that reason, judges in this District have consistently declined to show the proposed video, and the Second Circuit has not found an abuse of discretion in any of those decisions.  *See, e.g.*, *United States v Wallace*, No. 24 Cr. 411 (MKV) (trial December 2025); *United States v. Sands*, No. 24 Cr. 288 (ALC) (pled at start of trial April 2025); *United States v. Grayson*, 23 Cr. 614 (JLR) (trial September 2024); *United States v. Garcia*, No. 19 Cr. 862 (VEC) (trial June 2023); *United States v. Cortorreal*, No. 17 Cr. 438 (VEC) (trial April 2023); *United States v. Berry*, No. 20 Cr. 84 (AJN) (trial September 2021).  *See also United States v. Lou*, No. 24 Cr. 99 (AMD), 2025 WL 2753704, at *2 (E.D.N.Y. Sept. 29, 2025) (holding that unconscious bias video "is not necessary to protect Defendant's right to a fair and impartial jury under the Sixth Amendment" and that showing it risked improperly highlighting one instruction over all others); *Smith*, 2024 WL 3568887, at *1 (noting that "[m]ultiple courts have denied defense requests to play unconscious bias videos such as the one at issue here," and citing cases from Eleventh Circuit, Southern District of Ohio, District of Nevada, and Eastern District of Pennsylvania).

Even more, the Second Circuit has repeatedly held that a district court did not abuse its discretion when it declined to ask a defendant's proffered *voir dire* questions about implicit racial bias.  *See United States v. Diaz*, 854 F. App'x 386, 388 (2d Cir. 2021); *United States v. Green*, No. 22-3217, 2024 WL 4488577, at *3 (2d Cir. Oct. 15, 2024).  In doing so, the Circuit explained that, absent "substantial indications of the likelihood of racial or ethnic prejudice affecting the jurors in a particular case," the "Constitution is satisfied by a court's more generalized but thorough inquiry into juror impartiality." *Diaz*, 854 F. App'x at 388 (cleaned up) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 190 (1981), and *Ristaino v. Ross*, 424 U.S. 589, 598 (1976)).  The Government fully expects that the Court will conduct a substantive and robust *voir dire* and that no pervasive bias or juror misunderstanding will affect this trial.  The defendant has not met his burden of showing otherwise.  *Green*, 2024 WL 4488577, at *3 (noting that defendant "bears the burden of establishing 'substantial indications' that racial prejudice likely affected the jury" (quoting *United States v. Kyles*, 40 F.3d 519, 524 (2d Cir. 1994)).

*                *                *

   For the foregoing reasons, the Court should deny the defendant's request to show the jury an 11-minute video on unconscious bias and to ask the jurors questions about unconscious bias, including by asking them to describe "particularly impactful" interracial interactions.


        Respectfully submitted,

        JAY CLAYTON
        United States Attorney for the
        Southern District of New York

      By: _/s/_____

        Andrew Jones
        Joseph H. Rosenberg
        Assistant United States Attorneys
        (212) 637-2249 / -2326

cc: Mark S. DeMarco, Esq.